IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

LINDA MARIE ROSS                                                                               PLAINTIFF

VS.                                                                        CIVIL ACTION NO. 3:10cv538-FKB

MARGARET BINGHAM, et al.                                                                DEFENDANTS

OPINION AND ORDER

This is an action filed by a state inmate pursuant to 42 U.S.C. § 1983. The Court has held a *Spears*[1] hearing, and the parties have consented to jurisdiction by the undersigned. Having considered the allegations of the complaint and Plaintiff's testimony at the hearing, the Court concludes that the action should be dismissed for failure to state a claim.

Plaintiff is serving a life sentence for murder. She has been considered for and denied parole on numerous occasions, her most recent denial having occurred on March 24, 2010. Her claims in this action arise out of the psychological evaluation that was conducted in connection with this most recent parole proceeding. According to Plaintiff, the physician who conducted the evaluation, Dr. Earnestine J. Cartier, engaged in outrageous behavior during the exam, embarrassed and humiliated her, and insisted that Defendant Jackie Brown, a prison officer, remain in the room at all times, thereby allowing Brown to hear confidential information concerning Plaintiff. Plaintiff also claims that Brown, who escorted her to the exam, placed her in danger by leaving her unsupervised in an area with male inmates. Plaintiff's claims against Defendant Bingham concern the

---

[1] *See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

manner in which Bingham handled Plaintiff's ARP grievance concerning the incident. Defendant Epps has been named as a defendant because, according to Plaintiff, he was negligent in hiring Dr. Cartier and failed to properly respond to Plaintiff's ARP grievance. In her prayer for relief, Plaintiff seeks removal of the psychological evaluation form from her medical file and parole board records, a new psychological examination by an unbiased physician, a new parole hearing, an apology from Dr. Cartier, and damages for mental anguish.

To the extent that Plaintiff is asserting a due process claim regarding her parole proceedings, that claim fails. It is well-established that because the language of Mississippi's statute governing release on parole is permissive rather than mandatory, a prisoner does not have a protected liberty interest in release on parole that would support due process claims. *Scales v. Miss. State Parole Board*, 831 F.2d 565, 566 (5th Cir. 1987).

Plaintiff's complaints concerning Dr. Cartier's actions toward her fail to raise any constitutional claim. Allegations of humiliation or verbal abuse do not state a claim under § 1983. *Bender v. Brumley*, 1 F.3d 271, 274 n. 4 (5th Cir. 1993). Likewise, her allegations against Brown and Epps fail to state a claim for relief.

For these reasons, the complaint is hereby dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). A separate judgment will be entered in accordance with Fed. R. Civ. P. 58.

SO ORDERED AND ADJUDGED, this the 15th day of October, 2012.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE